Our first case for argument today is 18-2431 Uniloc v. Cisco, and it's also case 19-1064. They were consolidated for oral argument. Mr. Jackson, please proceed. May it please the Court. Thank you, Your Honor. So, the Board's decision below erred by deviating from this Court's decision in the alma prazole patent litigation decision. In this case, as I'm sure the Court is aware, the prior art combination is a combination of Hamburg and Lamb. But that combination was then modified to come up with the generating a conference call request limitation, and that has to do with the call alias message that is supposed to be automatically generated when a button is pushed on the combined Hamburg-Lamb system. So, that particular message is not found in either of the two references. That was something that was modified to come up with that limitation. And so in – I'm sorry, the race condition, I'm sorry, is the motivation to make that change. Isn't this something that a person of ordinary skill and heart would have done? Well, the Board's decision was required to investigate that and provide evidentiary basis for why that would be the case. Your case law certainly says that can be shown, but in the alma prazole litigation case, this Court said Apotex was required to show by clear and convincing evidence that a person of skill and heart would have appreciated the need to include a subcoding in Example 12 of the 495 European application. So, I know the clear and convincing evidence standard doesn't apply here, but there was still a requirement that there be a showing of the motivation to make that change that was known in the art. And here, that isn't shown. Putting aside the threshold of that showing, in KSR, we find that a person of ordinary skill can exercise practical experience, practical knowledge in arriving at its observations. Isn't that what happened here? In this case, Your Honor, it isn't. It isn't the case here. I agree. KSR does say that you can use that kind of knowledge in the art, knowledge of a person of skill in the art. But here, there wasn't a basis to say that this race condition, which is the thing that provided the motivation to make the change, was known anywhere in the art. And that's what your alma prazole decision requires. In addition, a Unilox expert identified basically a mirror image race condition that would occur if you were to follow that logic, showing that the combination, as modified, doesn't solve the corollary problem in the art. And that corollary problem was explained by Dr. Euless. And he says that the opposite race condition is where if a chat group member changes their status to an active status, so let's say they were inactive prior, and they change it to an active status at about the same time that the call requester sends the message in. So the call requester thinks that user is not going to be on the call. But when that message gets to the server, this is according to the logic laid out by Cisco's expert, that person would then be not included, rather, in the conference call, even though the stated intent of the combination, the premise of making the combination and the modification, is that all active users would be included in the conference call request message. We're talking about Max here? No, not Max. Well, Max is, this is like the opposite of Max. So Max was inactive. Yes, you're right. Max was inactive, and then he becomes active at about the same time that the request comes into the server. So the user, according to the combination as modified, the user who sent the request, that request would not include Max in the call alias message, because he, in the local device, was listed as inactive. But at the time the request and the conference call is set up, he's now active, and according to the stated reason for making the combination, he should have been included in the conference call request. But he wouldn't be, because the user's data is older than the server data. That's the theory behind the race condition. And so Dr. Euless explained why that's a problem that would arise from the combination that isn't explained by Cisco's expert, and the board didn't address it either. So just for the record, that problem is described at Exhibit 2001 at Paragraph 133. So that's Dr. Euless. Did the board say that Max wasn't a participant, a potential participant? He was not, and that's true at the time that the user sends the message to create the call request, because that person is using, in this corollary race condition problem, that user is using slightly outdated data, data that doesn't reflect the fact that Max has now become active. So when the message gets sent... So your argument is that the board made a combination using the server status, which would, they should have used screen status or whatever it is, and therefore didn't achieve the invention because they wouldn't include Max. Really what I'm saying, Your Honor, is that Dr. Euless explained why, let me back up, the premise from Cisco is that the race condition would provide a motivation for implementing the Hamburg LAM system such that the user sends the message using data available on the user's phone, which may be slightly outdated. That's the premise. And what Dr. Euless said is that that may solve one situation, but it creates a problem in a different situation. And so those offsetting problems would net out as not being a motivation. Did the board rely on this race situation as a motivation? Yes, Your Honor. Where did it do that? Which case are we looking at here? By the way, just for the record, I am looking at the 18-2431 case. So the arguments are the same in the two cases, and the evidence is... What's the case number here? 18-2431. 18? This is the appeal. 18-2431. Yeah, okay. So where does the board say? Your Honor, I don't have that page handy right now. If I could get that to you while the other side is presenting, I'll be happy to cite it. It's hard to discuss this without knowing exactly what the board said. Go ahead. I'm sorry. One of the questions I have for you, though, is Cisco's expert, on page 772 of the appendix, explained the reason a procedure would use a call alias message as opposed to a call message is to avoid race conditions between different statuses, information available on the mobile station, and the quick message. For example, and he goes through and explains, why isn't that substantial evidence to support the board's finding about motivation? You've got an expert testifying exactly on the point, explaining a reason. Why isn't that sufficient? So, Your Honor, in the Amaprazzo decision, they had an expert that backed up their reading of the references, but this court found that that was inadequate. You had to find that motivation in the references themselves that were used. So, I mean, here in the case. That's not true. That's not the correct statement of our current law. I mean, the expert can clearly provide the motivation from the skilled artisan based on the references. It doesn't have to be expressly disclosed in any of the references. Well, this is from 2008, Your Honor. I'm just reading the case law as we cited it there in our brief, and down below the quote I gave you a moment ago, it says that to overcome the shortcomings of the prior art reference, Apotex relies on testimony from Dr. Brock that a person of skill in the art would understand the problem, but ultimately this court found that that was inadequate. So, I mean, I'm just relying on this decision. This decision has not been reversed. Okay, so if I conclude that our law does not require that the reason be expressed in the references, but rather a skilled artisan can provide the reason, does that sort of end your case? That would deal with this argument. That's certainly true. So, to your Honor's question, Judge Dyke, the issue that Dr. Euless was dealing with was pointing out a hole, basically, in the theory for making the combination and the modification. I don't understand. The combination is with lamb and call alias, and the race condition has to do somehow with using call alias instead of call? It has to do with a combination of call alias and lamb. So you would – I'm into my rebuttal time. Sorry, Your Honor, but it's a combination of Hamburg's call alias message and a modification of that call alias message that's being relied upon, that's relying on the race condition to make that modification in Cisco's theory of the invalidity combination, Your Honor. We'll save the rest of your time for rebuttal, Mr. Jackson. Thank you, Your Honor. Mr. Foster, please proceed. Thank you, Your Honor. Theodore Foster for Apple East Cisco Systems. I'd just like to clarify that the race condition concept was not providing the motivation to combine. The motivation to combine is discussed by the board, the appendix page 23, I believe. Well, they don't specifically – it's 23 and 24. They don't specifically mention the race condition, right? That's correct. The board does not use the phrase race condition in its decision anymore.  It provides motivation to combine the references in a particular way. The high-level motivation to combine is to improve the user interface, to let the user know that conference calling is available and to make that more accessible. That's the general motivation to combine. The motivation to use the call alias message is to avoid the appearance of malfunctioning in the system. Instead of the call message. Instead of the call message. That's correct, Judge Dyke. And the board discusses that at appendix page 28. And I believe that may be where Mr. Jackson points the court when he comes back to discuss the race condition again. If there are no other questions about motivation to combine or race condition, I'll see you at my time. Well, I mean, the rest of the motivation is just in the expert report on 770 – 771. I mean, I recognize your point that, you know, there's motivation to combine call alias and LAM and then the rest, right? Isn't it just the expert testimony on 771? Yes, Your Honor. Dr. Ho discussed that, pages 771, and then continued on to 772, other examples on 773. Yes. Okay. And regarding the idea of leaving the process as a manual process. Okay, well, I mean, I think probably we don't have to go into a lot of detail on that. Counsel suggested that if we understand our precedent as permitting an expert to provide the motivation and it's not required to be expressed in the references, then he sort of admitted that this argument goes away. Do you have anything you'd like to say about that legal point? I mean, do you believe that our precedent requires that motivation be articulated expressly in references? It is my understanding that it is not required. I believe this court reiterated that, for example, in the time since the briefing in the Intel versus PACT case, which came down last year, which reiterated that motivation to combine consistent with KSR can come from the posita or the ordinary skill understanding. I mean, it may have been the case pre-KSR that we had required motivation to be expressly articulated in one of the references, but post-KSR, I don't know how we could maintain that rule of law. Do you agree with that? I agree that this court would not be able to make such a finding or a holding. It would be inconsistent with KSR. It would be inconsistent with KSR. If there are no other questions, I'll save my time. Thank you. Thank you, Mr. Foster. So, Your Honor, I also wanted to touch on the software programming issue that the Board had to come up with the generating a conference call request limitation, and this is where I started in the wrong place earlier, but I wanted to come back to this. So to come up with that limitation, they relied on sort of common knowledge, if you will, in the art, and this has to do with the software programming. In particular, this discussion appears in the final written decision at APPX 26. But under this Court's decision in DSS technology, which we cited in the brief, relying on that kind of common knowledge is limited to a very small set of cases. In particular, this Court said we have invoked common sense to fill in a missing limitation only when the limitation in question was unusually simple and the technology particularly straightforward. And third, our cases repeatedly warn that references to common sense, whether to supply motivation to combine or missing limitation, cannot be used as a wholesale substitute for reasoned analysis and evidentiary support when dealing with a missing limitation from the prior art. And, Your Honor, we just submit that the Board's decision didn't adequately, first of all, didn't establish that the technology was, quote, unusually simple or particularly straightforward. It didn't consider those two issues at all, which are the threshold issues for relying on knowledge in the art, to fill in a missing limitation. So we think the Board erred with respect to that point. And the Board also didn't explain how the combination of LAM and Hamburg would work, given the complete teachings of Hamburg in particular. Hamburg discloses the two groups in that a user, a particular user can be in both groups simultaneously. So if that user wants to implement or request a conference call, the Board didn't explain how that combined system would know which group to create the conference call for. So it's just not addressed. In addition, we've explained, I think in detail in the briefing, about how the combination of Hamburg and LAM eliminate or change fundamental principles of operation of Hamburg in particular. So in Hamburg, there are two basic messages, as your honors are aware. There's the call message, which automatically creates a conference call at the server. The call message is sent. The server looks to see who's in the group and creates a conference call. In the call alias message, the user specifies who to include in that conference call request, and then that's sent to the server, which subsequently creates the conference call. So there's the automatic call message. There's the manual call alias message. And so the manual feature was an important part of the Hamburg reference. In fact, I think the call alias message is discussed at least as much as the call message, if not more. So that manual ability is an important feature. Why does that make a difference? It seems to me that in either case, it's the user that's defining who the conference call participants are. Not quite exactly, your honor. So in the Hamburg reference itself, the user manually selects from a list of participants of the group. It doesn't have to be an active person, and you don't have to include all the active participants in the group. You can leave someone out. In fact, I think in Hamburg, that situation is actually described. So this is on page four of Hamburg at roughly lines 27 to 32. In the group, G2 is John. And in this call alias message that's sent, John is not included. So the user has that ability to, John is logged in, he's active. The user has the ability to say, well, I don't need John for this conference call, so I'm going to leave them out. In the modified combination, that ability isn't there. If the person is active, John in this case, he would be included in the conference call request. So those two combinations don't work, don't serve the purpose of the original Hamburg reference. And I see my time has expired, your honor. Okay. Thanks, both counsel. These cases are taken under submission.